UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JACQUELINE BENJAMIN ET AL** | **CASE NO. 6:21-CV-00836** |
| **VERSUS** | **JUDGE JUNEAU** |
| **AVIS BUDGET CAR RENTAL L L C ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6) filed by Defendant, Avis Budget Car Rental, LLC. (Rec. Doc. 7). Plaintiffs opposed the Motion (Rec. Doc. 15). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Avis's Motion be denied.

### Factual Background

Plaintiffs filed this suit in state court following a car accident in December 2019. Plaintiffs allege Defendant, Philip Roux, was driving a rental car owned by Avis when he improperly turned, causing the accident. (Rec. Doc. 1-4). By First Amended Complaint, Plaintiffs alleged that Avis provided Roux with a "$1M 3rd

Party Liability Protection" with the rental of the vehicle. (Rec. Doc. 10, ¶VII). The Complaint contends that Avis therefore insured Roux with "liability protection," rather than as an indemnitor. (Rec. Doc. 10, ¶X-XI).

Avis removed the case to this Court on the grounds of diversity jurisdiction. (Rec. Doc. 1). Avis seeks dismissal pursuant to the Graves Amendment, 49 U.S.C. §30106, which precludes liability for entities which own rental vehicles. Plaintiffs contend Avis is nonetheless a potentially liable party as Roux's insurer.

## Law and Analysis

### I. Law applicable to F.R.C.P. Rule 12(b)(6).

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677

Case 6:21-cv-00836-RRS-CBW Document 16 Filed 05/27/21 Page 3 of 6 PageID #: 98

F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

## II. **Whether the Graves Amendment precludes the suit.**

The Graves Amendment provides:

(a) An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—

   (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and

   (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

(b) Nothing in this section supersedes the law of any State or political subdivision thereof—

3

    (1)  imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or

    (2)  imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.

The foregoing statute precludes *vicarious* liability of a rental car company which leased a vehicle to the tortfeasor. See *Cates v. Hertz Corp.,* 347 F. App'x 2, 6 (5th Cir. 2009), citing *Garcia v. Vanguard Car Rental USA, Inc.,* 540 F.3d 1242, 1253 (11th Cir.2008) "(holding that the Graves Amendment is a permissible exercise of Congress' Commerce Clause powers under the Constitution in affirming the district court's judgment that the amendment preempted all vicarious-liability claims against the lessor, a Florida rental-car company, in an action in which the company was neither negligent nor criminally liable for the lessee's automobile accident)." See also *Fusco v. Levine*, No. CV 16-1454, 2018 WL 1660985, at *3 (W.D. La. Apr. 5, 2018).

Plaintiffs argue the Graves Amendment does not preclude a leasing entity's liability as an insurer. Louisiana recognizes a plaintiff's direct right of action against a tortfeasor's insurer. La. R.S. 22:1269(B). In this case, Plaintiff alleges that Avis insured Roux for his liability. "The Louisiana Supreme Court has recognized that rental agreements of self-insuring car rental companies can constitute automobile policies, which would place the car rental company in the role of insurer." *Fusco v.*

4

*Levine*, No. CV 16-1454, 2018 WL 1660985, at *4 (W.D. La. Apr. 5, 2018), citing *Lindsey v. Colonial Lloyd's Ins. Co.,* 595 So.2d 606, 610 (La. 1992).

The Court finds that Plaintiffs' factual allegations that Avis provided liability insurance to Roux states a claim upon which relief can be granted. The Graves Amendment precludes only vicarious liability—not insurance liability—of the leasing entity. Thus, the Court recommends that Avis's Motion to Dismiss be denied.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Avis Budget Car Rental, LLC's Motion to Dismiss (Rec. Doc. 7) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 27th day of May, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE